[Civil No. 2122.   Filed July 11, 1924.]

[227 Pac. 572.]

THE MESA MAIL PUBLISHING COMPANY, a Corporation, Appellant, v. THE BOARD OF SUPERVISORS OF MARICOPA COUNTY, STATE OF ARIZONA; and J. W. BRADSHAW, GUY VERNON and C. S. STEWARD as Supervisors of Said Maricopa County, State of Arizona; and TULLY W. BENSON, Clerk of the Board of Supervisors of Maricopa County, State of Arizona, Appellees.

1. MANDAMUS—ISSUES HELD TO CREATE "MOOT CASE."—Where relief prayed for by newspaper publisher under Civ. Code 1913, paragraphs 4659, 4840, 4841, against county board of supervisors

---

1.  What constitutes moot case, note, Ann. Cas. 1918B, 558.

could not be granted unless granted on or before past date, issues presented created moot case, which is one which seeks to determine an abstract question which does not arise upon existing facts or rights.

2. APPEAL AND ERROR—GENERALLY APPELLATE COURT WILL NOT DETERMINE PROPRIETY OF WRIT WHEN QUESTION HAS BECOME ABSTRACT.—Generally where the question involved has become abstract since the application for the writ, the appellate court will not determine the question of the propriety of the issuance or nonissuance of the writ.

3. MANDAMUS—MOOT QUESTION HELD NOT OF SUFFICIENT PUBLIC IMPORTANCE TO REQUIRE DECISION ON IT.—The question involved in a *mandamus* suit, and which became moot, whether the board of supervisors of a county was required, under Civ. Code 1913, paragraphs 4659, 4840, 4841, to publish estimates of public expenses at least six times each week, etc., where publication is made in daily newspaper, *held* not of sufficient public importance to justify departure from general rule that court will not decide moot question.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Appeal dismissed.

Messrs. Dougherty & Dougherty, for Appellant.

Mr. Gene S. Cunningham, County Attorney, and Mr. C. M. Gandy, Assistant County Attorney, for Appellees.

CHAMBERS, Superior Judge.—The plaintiff appellant is the publisher of the Mesa "Daily Tribune," a daily newspaper published in Maricopa county, Arizona. During the year 1922, the Mesa "Daily Tribune" was the official newspaper of Maricopa county, made such by a contract entered into on December 31, 1921. The controversy in this case arises over the construction of paragraphs 4840 and 4841

2. See 2 R. C. L. 180.
3. Power of court to decline jurisdiction of moot question, note, 6 B. R. C. 340.
See 4 C. J. 575; 26 Cyc. 156; 27 Cyc. 911.

of the Civil Code of 1913. Paragraph 4840 provides that the board of supervisors of each county of the state shall make estimates of the different amounts required to meet the public expense for the ensuing year, to be raised by taxation. Paragraph 4841 provides for the publication of the estimate in the official newspaper of the county.

In the year 1922 the board of supervisors directed the publication of the estimates in the Mesa "Daily Tribune" for two consecutive weeks, once in each week, beginning July 31, 1922. The appellant claims that, by virtue of the fact that it publishes a daily newspaper, the requirements of paragraph 4659 of the Civil Code of 1913 make it imperative that the board of supervisors publish said estimates for at least six times each week beginning July 31, 1922, or for twelve times instead of two, as the supervisors directed.

The appellant brought an action for a writ of *mandamus* against the board of supervisors and the individual members thereof, praying for a writ commanding them to direct, order and cause to be published the said estimates in the Mesa "Daily Tribune" beginning July 31, 1922, for twelve consecutive issues.

The trial court issued an alternative writ, to which the defendants answered by motion to quash, demurrer, and to the merits of the action. The case came on for hearing on July 31, 1922. The court quashed the alternative writ of *mandamus* and dismissed the petition. From this judgment the plaintiff appeals.

The relief asked for in appellant's complaint could not be granted unless granted on or before the thirty-first day of July, 1922. The term of office of two members, a majority of the board of supervisors, expired on the thirty-first day of December, 1922. It would be ridiculous for this court to now enter an order directing the board of supervisors of Maricopa

county to perform a duty that could be performed only in July and August, 1922. The issues now presented make this a moot case. A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights. 27 Cyc. 911.

While this court, so far as has been called to our attention, has made no previous expression upon this subject, the law in other jurisdictions is well settled that the court will not decide moot questions or abstract propositions. We cite but a few of the many cases that sustain this rule. *Lord* v. *Veazie*, 8 How. (U. S.) 251, 12 L. Ed. 1067 (see, also, Rose's U. S. Notes); *State* v. *Lambert*, 52 W. Va. 248, 43 S. E. 176; *Parker* v. *Territory*, 20 Okl. 851, 94 Pac. 175; *Kidd* v. *Morrison*, 62 N. C. 31.

It is well stated by Mr. Justice GRAY, of the Supreme Court of the United States—

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." *California* v. *San Pablo & Tulare R. R. Co.,* 149 U. S. 308, 37 L. Ed. 747, 13 Sup. Ct. Rep. 876 (see, also, Rose's U. S. Notes).

Where the question involved has become abstract since the application for the writ, the appellate court will not determine the question of the propriety of the issuance or nonissuance of a writ of *mandamus*. *People* v. *Stevens*, 152 Ill. App. 118.

Some jurisdictions have made exceptions to the general rule, where questions of great public interest

have arisen and a decision by the court of last resort is of great value to the public. We cannot see that this case is of such public importance that it would justify us in departing from the general rule.

Without expressing any opinion as to the merits of the controversy, for the reasons stated the appeal will be dismissed.

McALISTER, C. J., and LYMAN, J., concur.

N. B.—Judge ROSS, considering himself disqualified, took no part in the decision of this case, and Hon. W. R. CHAMBERS, Judge of the Superior Court of Graham County, was called to sit in his stead.