[Civil No. 2262.   Filed April 18, 1925.]

[235 Pac. 158.]

McCORD HARRISON, Appellant, v. GEORGE W. P. HUNT, WAYNE HUBBS and E. W. SAMUELS, as Members of and Constituting the Board of Directors of State Institutions of the State of Arizona, and GEORGE W. P. HUNT, WAYNE HUBBS and E. W. SAMUELS, Individually; W. T. WEBB, HOMER R. WOOD and DUANE BIRD, as Members of and Constituting the State Fair Commission of the State of Arizona, JOSEPH P. DILLON, Secretary of the State Fair Commission, and W. T. WEBB, HOMER R. WOOD, DUANE BIRD and JOSEPH P. DILLON, Individually, Appellees.

APPEAL AND ERROR—REFUSAL OF INJUNCTION FOR PERIODS WHICH HAD ELAPSED, NOT CONSIDERED ON APPEAL.—Appeal from refusal to enjoin use of fair-grounds during 1923 and 1924, for purposes prohibited by Penal Code of 1913, sections 319–339, will be dismissed after lapse of time for which relief was sought; question having become moot.

---

See (1) 4 **C. J.**, p. 578.

APPEAL from an order of the Superior Court of the County of Maricopa.   Dudley W. Windes, Judge. Appeal dismissed.

Mr. J. C. Niles and Mr. Charles Woolf, for Appellant.

Mr. Earl Anderson, Assistant Attorney General, Mr. E. S. Clark, Mr. E. W. Lewis, Mr. G. W. Shute, Mr. J. E. Noble, Mr. Herman Lewkowitz, Mr. A. Henderson Stockton, Mr. Thomas P. Walton, Mr. Joseph M. Holub, Mr. Thomas A. Flynn and Mr. Duane Bird,

---

What constitutes moot case, see note in 12 **Ann. Cas.** 294.

for W. T. Webb, Homer R. Wood, Duane Bird and Joseph P. Dillon, Individually and as Members and Secretary of the State Fair Commission.

LOCKWOOD, J. —McCord Harrison, plaintiff herein, filed action August 28, 1923, against the defendants, individually and as members of the State Fair Commission, alleging substantially that they were contemplating and threatening to permit the use of the State Fair Grounds during part of the year 1923 for the purpose of race-track betting, for carrying on a banking or percentage game commonly known as "pari mutuels" or "French Pool," and running or causing to be run, in connection therewith, horse-races for the purpose of deciding the bets and wagers of a pool held abiding the event of the race. Plaintiff contended that these acts were all forbidden by the provisions of chapter 10, title 9, of the Penal Code of 1913, as amended (Laws 1917, c. 79, and Laws 1919, Appendix, p. 12); that there was no adequate remedy except injunctive relief to prevent such action; and asking that defendants be enjoined from permitting the State Fair Grounds to be used for carrying on any banking, percentage, or other game of chance. A demurrer was sustained to the complaint, and plaintiff filed a first and second amended complaint, the latter on October 8, 1923; the allegation being made therein that it was the intention of defendant to permit the use of the State Fair Grounds for the purpose aforesaid not only during the year 1923, but also in 1924. Defendants demurred thereto and the trial court sustained the demurrer. Plaintiff electing to stand on his complaint, it was ordered that the same be dismissed, and plaintiff appealed from the order of dismissal to the Supreme Court.

It is apparent from the foregoing statement of facts that the time during which it was alleged the acts were to be done, against which injunctive relief was sought, is long since past. This is therefore only a moot case now, and appellate courts do not sit to give opinions on questions of that nature.

The appeal, for the foregoing reasons, is dismissed.

McALISTER, C. J., and ROSS, J., concur.