[Civil No. 2332.   Filed June 27, 1925.]

[237 Pac. 960.]

C. E. ADAMS, T. D. FULGHUM, T. J. BAKER, M. L. MISENHIMER and O. S. WALKER, Appellants, v. J. W. DITMARS, T. A. LISENBY, H. W. HUNT, J. W. CHURCH and DONALD SCOTT, as Directors of the FARMERS OIL AND DEVELOPMENT COMPANY, a Corporation, and T. A. LISENBY, J. W. DITMARS, H. W. HUNT, J. W. CHURCH and DONALD SCOTT, for and on Behalf of Themselves and Other Stockholders of the FARMERS OIL AND DEVELOPMENT COMPANY, a Corporation, Appellees.

APPEAL AND ERROR.—QUESTION HELD MOOT.—Where board of directors of corporation appealed from order making peremptory an alternative writ directing them to deliver records of corporation, and where term for which boards contending had expired, and board against whom *mandamus* was sought no longer existed as official body, question whether trial court took right view of law involved became moot.

See (1) 4 **C. J.**, pp. 575, 578.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. M. Sames, Judge. Appeal dismissed.

Mr. Lyman H. Hays, for Appellants.

Mr. John G. Gung'l, for Appellees.

McALISTER, C. J.—The Farmers Oil & Development Company, a corporation, held its annual meeting in Willcox, Arizona, on January 12, 1924, for the purpose of electing a board of directors for that year. The meeting was properly noticed and called, and of the 920 outstanding shares of stock of the

See 2 **R. C. L.** 169.

company, 648 were present and voted, 210 being voted in person and 438 by proxies. United States internal revenue stamps did not appear upon the latter at that time, but were placed thereon some two weeks later, which, according to the testimony, was the custom of the company.

At this meeting appellees were elected directors of the company for the year 1924, and immediately thereafter met and organized, and then demanded of the old board of directors possession of the books, records, seal, and property of the corporation. These were refused, whereupon they filed a petition for an alternative writ of *mandamus* directing the old board to deliver them the records, etc., or show cause at a specified date why it had not done so, and it was granted. Upon the return day appellants answered, setting up a number of defenses, and the court after hearing the matter made the alternative writ peremptory. It is this order that is here for review.

The refusal to surrender possession of the property was based upon the contention that there was no legal meeting of the stockholders, and therefore no election, because there was not a quorum present and voting; there being, it was said, only 210 out of a total of 920 shares. This contention is based on the claim that the 438 shares which voted by proxies were void, and therefore had no legal right to participate in the meeting, because they did not at the time bear United States internal revenue stamps as required by the Act of Congress of June 13, 1898 (30 Stat. 448). The court overruled this contention, and held that they were legal and properly voted, evidently upon the theory that the act of Congress, providing that proxies for voting for officers of any incorporated company shall be taxed, and that "such instrument . . . or paper not being stamped according to law, shall be deemed invalid and of no effect" (sec-

28 Ariz.—30

tion 13) was a revenue measure, and binding on the federal courts, but, since Congress had no power to regulate the introduction of evidence in state courts, was not binding on them.

The term for which the two boards of directors were contending expired on the second Saturday of January, 1925, when a new board was elected; hence the board against whom the writ of *mandamus* is sought no longer exists as an official body. It is therefore unnecessary for this court to decide whether the trial court took the right view of the law, since the question now before us is "moot" only, and courts do not sit for the purpose of determining controversies of this character. *Harrison* v. *Hunt, ante,* p. 75, 235 Pac. 158.

The appeal is therefore dismissed.

ROSS, J., concurs.

NOTE.—Judge LOCKWOOD, being disqualified, took no part in the determination of this case.