## Commonwealth ex rel. Czarnecki, Appellant, *v.* Stitzel.

Argued March 31, 1955. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (HIRT, J., absent).

*Herbert L. Maris,* with him *John W. J. Czarnecki,* in propria persona, for appellant.

*Edward Youngerman,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an appeal from the order of the Court of Common Pleas of Berks County dismissing the relator's petition for a writ of habeas corpus through which he seeks to be discharged from his imprisonment. The order was made by the court after a hearing was held by Judge MAYS on the allegations contained in the petition.

In 1941 relator was sentenced to serve 5 to 20 years in the Berks County Prison on charges of burglary, larceny and receiving stolen goods. He pleaded guilty and was not represented by counsel. There is no suggestion that he was not guilty. He was 16 years old at the time. The court hearing the petition for a writ of habeas corpus found that the petitioner "when a boy was involved in many, many thefts, the taking of moneys, personal property from automobiles, blackjacks, handcuffs, knives, etc. He as a juvenile was put upon probation upon a number of occasions by The Honorable PAUL N. SCHAEFFER."

There was evidence at the hearing that when he was first called for sentence the case was postponed that the court might investigate it further. The evidence

indicates that the relator admitted being involved in 40 or 41 burglaries although bills were drawn on only 6 or 8.

Two other defendants connected with relator were sentenced at the same time, one to 10 to 20 years in the penitentiary, the other to the Pennsylvania Industrial School. (If the one sentenced to the Industrial School was charged with the same offenses his maximum sentence under the law was 20 years).

After serving five years the relator was released on parole August 11, 1946, but was recommitted as a parole violator in November 1950, when he was apprehended in the act of cracking a safe. For this he pleaded guilty to a charge of burglary and was sentenced to a minimum of two and a maximum of four years to begin at the expiration of his other sentence.

It is relator's contention that he was denied due process of law because at his age the court should have seen that he was provided counsel at the time he was sentenced.

In *Com. ex rel. Reichelderfer v. Burke,* 176 Pa. Superior Ct. 215, 107 A. 2d 578 (1954) we held that a relator who relied on his youth and on being without counsel and not being advised of his right to counsel at the time he pleaded guilty to a charge of statutory rape was not entitled to a writ on the ground of denial of fundamental fairness or the essentials of justice.

As suggested by Judge MAYS, ordinarily the record of the Juvenile Court is secret, and cannot be used against the person. Here the relator himself put it into evidence.

A judge faces a grave responsibility in sentencing boys in their middle and late teens. On the one hand every effort should be made to give them an opportunity to reform. On the other hand the court has a responsibility to the law abiding citizens to protect them

from young desperadoes who frequently are involved in the most violent and vicious of crimes. A sentencing judge, and others dealing with the sentence, cannot with justice to the boy or the public ignore completely the boy's conduct during the time he was within the age of the juvenile court law.

Anyone who knew of Judge Schaeffer's interest in youth and in the juvenile court would have difficulty in believing that there was any element of unfairness in his sentencing of this boy. The sentence was severe to be sure, but the defendant was previously "put upon probation upon a number of occasions." If he has been too long confined the Pardon Board and the Parole Board, not the courts, are the proper tribunals to correct it.

There is every indication that the sentencing judge knew much more about this boy than any lawyer could have told him. If his sentence seems severe it may be that events both before and since sentence indicate severity was warranted.

Order affirmed.