403 P.2d 934

**J. R. FRANCIS CONSTRUCTION CO., Inc., an Arizona corporation, Appellant,**

**v.**

**PIMA COUNTY, a subdivision of the State of Arizona, Thomas S. Jay, Dennis Weaver and Pete Rubi, as members of the Board of Supervisors of Pima County, Arizona, Appellees, and the Ashton Company, Inc., Contractors and Engineers, a corporation, Intervenor.***

**No. 2 CA–CIV 90.**

Court of Appeals of Arizona.

July 9, 1965.

Hirsch, Van Slyke, Richter & Ollason, Tucson, by Clague A. Van Slyke, for appellant.

Hillock & Hillock, by Robert N. Hillock, Tucson, for appellees.

Hall, Jones, Hannah & Trachta, by Russell E. Jones, Tucson, for intervenor.

HATHAWAY, Judge.

This is an appeal from a Superior Court order quashing an alternative writ of mandamus and from a judgment in favor of the defendants and intervenor.

In the fall of 1963, the Pima County Board of Supervisors advertised for bids for the construction of a new county jail and sheriff's facilities for Pima County. J. R. Francis Construction Company and

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8293. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

the Ashton Company submitted bids, the former in the amount of $558,975 and the latter in the amount of $563,535. Despite its bid being higher, Ashton's bid was accepted. Thereupon the Francis Company commenced an action in Superior Court seeking a writ of mandamus to compel the Board of Supervisors to award the construction contract to the Francis Company, alleging that its bid was the lowest and best bid by virtue of the provisions of A.R.S. § 34–241; an alternative writ of mandamus was issued. By stipulation of the parties, the lower court granted Ashton Company leave to intervene as a party defendant. Issue being joined, the cause was tried to the court sitting without a jury in January, 1964, which resulted in the order and judgment from which this appeal is taken.

■ The appellant did not obtain a stay of proceedings pursuant to A.R.C.P. Rule 62(d), 16 A.R.S. nor did it supersede the judgment. The Ashton Company proceeded to fulfill its contract with Pima County and the construction has been completed. As a consequence the questions presented by this appeal have become moot.

■■ A moot case is one which seeks to determine an abstract question which does not arise upon existing facts or rights. Mesa Mail Publishing Co. v. Board of Supervisors, 26 Ariz. 521, 524, 227 P. 572 [1924]. It is well settled that an appellate court will not decide moot questions or abstract propositions. Mesa Mail Publishing Co. v. Board of Supervisors, supra; Harrison v. Hunt, 28 Ariz. 75, 77, 235 P. 158 [1925]; State ex rel. Brawner v. Kerby, 32 Ariz. 118, 119, 256 P. 113 [1927]; Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 406, 291 P.2d 764 [1955]; 5 Am. Jur.2d Appeal and Error § 913, p. 345; 5B C.J.S. Appeal and Error § 1852, p. 291.

The following quotation from People of State of California v. San Pablo & Tulare R. R. Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 [1893], which was approved by our Supreme Court in the Mesa Mail case, supra, expresses the rule:

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." 13 S.Ct. at p. 878.

■ Exceptions have been made to the general rule because the principle involved is of great public interest. See Wise v. First National Bank, 49 Ariz. 146, 149, 65 P.2d 1154 [1937]; Board of Examiners of Plumbers of City of Phoenix v. Marchese, 49 Ariz. 350, 353, 66 P.2d 1035 [1937]; Anno. 132 A.L.R. 1185. We do not consider the instant case to be of such public importance to justify a departure from the general rule.

Therefore, we decline to consider the merits of the controversy and hereby dismiss the appeal.

KRUCKER, C. J., and JACK G. MARKS, Superior Court Judge, concurring.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.