454 P.2d 981

**The STATE of Arizona, Appellee,**

v.

**Robert Gary DESSUREAULT, Appellant.**

No. 1899.

Supreme Court of Arizona.

In Banc.

June 4, 1969.

**440**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Darrell F. Smith, former Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

STRUCKMEYER, Justice.

Appellant Robert Gary Dessureault on his motion for rehearing addressed to our decision of April 30, 1969, 104 Ariz. 380, 453 P.2d 951, calls to our attention the statement "However, any prejudice which might have resulted was cured by the defendant taking the witness stand." The defendant did not take the witness stand in the presence of the jury. His testimony was introduced at the trial at a time when the jury was excused from the courtroom.

Notwithstanding, we do not believe the lower court's error in examining prospective jurors as to whether they would hold it against the defendant if he did not take the stand was reversible error.

No objection was made at the time of the court's examination. And at the conclusion of the trial no request was made that the court instruct the jury that no inference should be drawn from the defendant's failure to testify in the case. We have repeatedly ruled that matters which were not raised in the lower court will not be considered grounds for reversal in this court. State v. Armstrong, 103 Ariz. 174, 438 P.2d 411; State v. Taylor, 99 Ariz. 85, 407 P.2d 59, cert. denied 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689. A defendant cannot remain silent in the trial court and later challenge the conviction on the basis that the court's error possibly resulted in an unfavorable jury verdict.

We consider that the other matters raised on the motion for rehearing are without merit in the light of the discussion contained in the decision in the case. Accordingly, the motion for rehearing is ordered denied.

UDALL, C. J., LOCKWOOD, V. C. J., and McFARLAND and H. HAYS, JJ., concur.