474 P.2d 815

**STATE of Arizona, Appellee,**

v.

**Carl Lee DANIELS, Appellant.**

**No. 2067.**

Supreme Court of Arizona,
In Banc.

Oct. 1, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Stanfield, McCarville, Coxon & Briggs, by Ron L. Briggs, Casa Grande, for appellant.

LOCKWOOD, Chief Justice:

Appellant was tried and convicted below on one count of robbery (A.R.S. § 13-641 and A.R.S. § 13-643, subsec. A) and on one count of aggravated assault (A.R.S. § 13-245), both felonies, with a prior conviction. He appeals on the grounds: (1) that he was denied due process by an illegal confrontation with the complaining witnesses; (2) that testimony of the supposed illegal confrontation was erroneously admitted; (3) that the in-court identification of appellant was improperly allowed; and (4) that Rule 180 of the Arizona Rules of Criminal Procedure, 17 A.R.S., was not complied with and thus his sentence for aggravated assault was improper.

On February 24, 1969, at approximately 12:30 a. m., in Coolidge, Arizona, Officer Hall observed appellant (hereinafter referred to as defendant) walking with a companion[1] in the area of the robbery. Officer Hall observed the two men, with whom he was acquainted, separate and observed the defendant turn into an alley. His observation was discontinued when he left the area to answer a call in another part of town. At the time, defendant Daniels was wearing a light-colored short-sleeved shirt and a black hat.

At approximately 12:30 a. m. the complaining witnesses, Richard Nish and Rema Thomas, left Galindo's Bar in Coolidge, Arizona. They were walking to a cafe when after a short time they noticed they were being followed by two Negro men, who stopped them. Mr. Nish was knocked down by both men and one of the men, whom he identified as the defendant, was on top of him trying to reach Nish's pockets. Nish was face to face with the defendant for approximately thirty seconds. Mrs. Thomas was knocked down by the other man, and her purse was stolen. The two men were scared off by the appearance of a car turning the corner. The two victims

next went to Ivan's Bar where they called the police. Officer Solis went to Ivan's and took the victims to the police station, while Officer Hall scoured the area. He observed the defendant walking very fast, and stopped him and asked him if he would go to the police station for identification purposes. The defendant agreed. At this time he was not placed under arrest, nor was he advised of his constitutional rights. Upon entering the police station, approximately twenty minutes after the robbery took place, Mrs. Thomas cried out "That's him." The officers then asked both Mrs. Thomas and Mr. Nish if the defendant was one of the robbers and both replied that he was. He was then placed under arrest and advised of his constitutional rights.

At the trial, however, Mrs. Thomas was unable to identify the defendant as one of the two robbers, stating that she had only recognized him at the station because of the clothes he was wearing. According to her testimony, one of the assailants was wearing a black hat and a light colored shirt. The other victim, Richard Nish, did identify the defendant at trial, stating that he recognized him because of his facial features. It is this confrontation and the identification of the defendant at trial that the defendant complains of.

Defendant's first three contentions all deal with the alleged illegality of his identification as the culprit. The Supreme Court of the United States in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, has established the guidelines which we follow. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969).

We outlined the correct procedure to be followed in Dessureault, supra:

"*First*, if at the trial the proposed in-court identification is challenged, the

---

1. Defendant's companion, Cecil Fields, was also charged with the same offense, but the matter was severed for trial.

trial judge must immediately hold a hearing in the absence of the jury to determine from clear and convincing evidence whether it contained unduly suggestive circumstances. In this the burden is on the prosecution to establish from all the circumstances surrounding the pretrial identification that it was not such as to be unduly suggestive.

"*Second*, if the trial judge concludes that the circumstances of the pretrial identification were unduly suggestive or that the prosecution has failed to establish by clear and convincing evidence that they were not, then it is the prosecution's burden to satisfy the trial judge from clear and convincing evidence that the proposed in-court identification is not tainted by the prior identification." 104 Ariz. 380 at 384, 453 P.2d 951 at 955.

Following these guidelines, we examine the defendant's specific allegations of error.

■ Defendant complains that it was error to allow the in-court identification prior to a hearing out of the presence of the jury to determine whether it had a basis independent of the station-house confrontation.

Prior to any hearing the prosecutor asked the witness Nish if he recognized either of the two assailants in the courtroom, and the witness pointed out the defendant. Counsel for defense objected, and the court immediately held the requisite hearing out of the presence of the jury. The trial court found that the identification was independent. There is sufficient evidence in the record to support this finding. The witness Nish was face to face with one of the assailants, whom he identified as the defendant. The trial court found that the in-court identification had no taint from the pretrial confrontation. Since the court did find there was no taint and also found that under Dessureault there was no violation of the defendant's rights at the police sta-

tion, any error in allowing the identificaton before the hearing was harmless error. Ariz.Const., Art. 6, § 27, A.R.S. The order of the identification and the hearing could make no difference in the verdict here where the identification was held to be proper. State v. Brady, 105 Ariz. 190, 461 P.2d 488 (1969).

■ Defendant next complains that even if the trial court did not err in allowing Nish's in-court identification, it did err in allowing testimony of the station-house confrontation. We hold that it was not error to admit testimony of the pre-trial identification. The identification appears to have been spontaneous. Additionally, it took place a mere twenty minutes after the robbery when the incident was fresh in the minds of the victims.

"There is no prohibition against a viewing of a suspect alone in what is called a 'one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy. The rationale underlying this is in some respects not unlike that which the law relies on to make an exception to the hearsay rule, allowing spontaneous utterances a standing which they would not be given if uttered at a later point in time. An early identification is not error. Of course, proof of infirmities and subjective facts, such as hysteria of a witness, can be explored on cross-examination and in argument."

\* \* \* \* \* \*

" \* \* \* [T]he desirable objectives of fresh, accurate identification \* \* \* in some instances may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh." Bates v. United States, 132 U.S.App.D.C. 36, 405

F.2d 1104 at 1106. (1968) [footnotes and citations omitted.]

We think that such factors are also present here, and hold that the station house confrontation twenty minutes after the robbery did not lead to irreparable misidentification.

■ We now deal with defendant's fourth contention. We do not agree with the defendant that Rule 180, Arizona Rules of Criminal Procedure, 17 A.R.S., requires a reversal of this case, or a voiding of his sentence for aggravated assault.[2]

Defendant contends that because there is no record in the minutes of his admission of the prior conviction that the sentence for aggravated assault is improper. The reporter's transcript shows that the defendant was asked by the court if the allegation as to the prior conviction was correct and that he answered that it was, although the defendant's answer was not recorded by the clerk in the minutes. The defendant was thus afforded his opportunity to admit or deny the prior conviction. He was not misled into entering a guilty plea for a lesser sentence—he pled not guilty.

We hold that the basic prerequisites of Rule 180 were met, despite the clerical error. State ex rel. Corbin v. Court of Appeals, Division I, 103 Ariz. 315, 441 P.2d 544 (1968).

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.

2. Rule 180 reads: "When a defendant who is charged in the indictment or information with a previous conviction pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted. If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by the jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has been previously convicted. If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."