**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Manuel MADRIL, Defendant-Appellant.**

**No. 71–1017.**

United States Court of Appeals, Ninth Circuit.

July 2, 1971.

Rehearing Denied July 29, 1971.

Gilbert Gonzales, Tucson, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before DUNIWAY, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant appeals from a conviction and sentence for the offense of posses-

sion of a firearm by a felon in violation of 18 U.S.C. App. § 1202(a) (1). He contends, (1) that he was illegally detained prior to his arrest and search, which resulted in the finding of the firearm, to-wit, a pistol and a clip; (2) that the possession of the firearm must be "in commerce"; (3) that 18 U.S.C. App. §§ 1201 and 1202 are unconstitutional, in that Congress exceeded its powers under the commerce clause of the Constitution, and that said statutes are vague and indefinite; and (4) that the trial court erred in admitting into evidence the firearm and the clip. We affirm.

On January 11, 1970, two police officers observed an auto traveling about 10 miles per hour in excess of the speed limit. They followed the car for approximately two blocks until it was parked and then approached the auto. There were four occupants in the car—the driver, the appellant and two other occupants. One of the officers recognized the appellant as an individual he had previously known. The officer asked the driver for proof of ownership of the vehicle, which the driver was unable to produce, and as to the other occupants there was "material and interrogation cards made on them."

The police then radioed the dispatcher and described the subjects by name and asked that a check be run. A few minutes later they were advised that the car was registered to the driver. He was given a warning ticket for failure to carry proof of ownership of the vehicle.

The four persons were detained for an additional ten minutes while the police awaited a reply to their earlier radioed request for information concerning appellant and the two other occupants. The police officers were then advised, by radio, that there was an outstanding traffic warrant for appellant. Thereupon, they arrested appellant and searched him. It was this search which produced the firearm, for the possession of which appellant was convicted.

## I

Appellant argues that the firearm was discovered as a result of an unlawful detention. While it is true that the Fourth Amendment guards against unreasonable detention short of arrest, see Terry v. Ohio, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968), the test of the lawfulness of such detentions is whether, under the totality of the circumstances, they are reasonable. Gilbert v. United States, 366 F.2d 923 (9 Cir. 1966). The speeding of the automobile rendered reasonable the initial stop. Wilson v. Porter, 361 F.2d 412, 415 (9 Cir. 1966). And when the driver was unable to produce the auto registration, a brief further detention pending a routine check of the status of the car, its driver and the other occupants was not unreasonable. Once the information regarding the outstanding warrant for the appellant was reported to the police, they were entitled to lawfully arrest him. The search which produced the weapon was a lawful incident to the arrest.

## II and III

Appellant contends that the statute under which he was convicted is unconstitutional on commerce clause and vagueness grounds. These claims have been considered and rejected by this court. United States v. Crow, 439 F.2d 1193 (9 Cir. 1971).

## IV

Appellant contends that the exhibits offered at trial, the pistol and the ammunition clip, were introduced without adequate foundation at trial. Both the arresting officers testified that the exhibits introduced at trial were taken from appellant when he was arrested; they identified their markings on the grip of the pistol and identified the clip. There was sufficient evidence as to the chain of possession. We find no error in the admission of the exhibits into the record.

The judgment is affirmed.