499 P.2d 709

**The STATE of Arizona, Appellee,**

v.

**Luciano NEVAREZ, Appellant.**

**No. 2271.**

Supreme Court of Arizona, In Banc.

July 17, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Phoenix, for appellee.

Cohen, Gerst & Groseclose by David A. Groseclose, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant, Luciano Nevarez, was found guilty by a jury of lewd and lascivious acts and sentenced to not less than six nor more than eight years in the Arizona State Prison.

The testimony at trial indicated that Theresa Proffitt, an eleven-year-old girl, was delivering newspapers Sunday morning, October 18, 1970 in Bisbee, Arizona. Around 7:00 A.M. she was accosted by the defendant, ordered into a stairwell, and forced to her knees. The defendant then unzipped his pants, pulled out his penis and put it in Theresa's mouth.

Thereafter, Theresa finished delivering her papers, went home and immediately told her father about the occurrence. Charles Proffitt, the father, called the Bisbee police, who responded within ten minutes or so. After securing the description from Theresa of the man who committed

the acts, the two police officers broadcast this description.

A dispatcher for the sheriff's department in Bisbee, after taking down the description, radioed the Bisbee police that on his way to work that morning he had seen a man answering the description. He recognized the man as being the defendant, Nevarez.

The police officers, along with Theresa and her father, proceeded to defendant's home. When they arrived there, Theresa remained outside the house until sent for. When she entered the doorway of defendant's bedroom and he looked up, she said, "that's the man."

Four issues have been raised by the defendant in this appeal. First, he argues that the identification procedures, both prior to trial and in court, were so suggestive that defendant was denied due process of law. With this contention, we do not agree. Prior to trial, defense counsel filed a motion to suppress any in-court identification of defendant by Theresa Proffitt, based upon "an illegal lineup type of procedure." A hearing to the court was held and the motion was denied.

At the time of trial, Theresa identified the defendant before the jury and there was no objection by defense counsel, and there was no objection interposed when pictures of the defendant were identified by Theresa and admitted in evidence. It was not until the State's case was completed that defendant raised an objection to the identification of the defendant and asked that Theresa's testimony be stricken.

■ The procedures outlined in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), were complied with and the court denied the motion to suppress the in-court identification. Defendant, thereafter, by failing to object at the time of the identification testimony, lost any right he might have had to have that testimony stricken. State v. Taylor, 99 Ariz. 151, 407 P.2d 106 (1965).

■ At this juncture, defendant seems concerned with the methods of pretrial identification. Under the facts of this case, we can see no objection to a "one-man showup" as distinguished from a lineup. State v. Daniels, 106 Ariz. 224, 474 P. 2d 815 (1970). The reaction of the victim when first seeing the defendant was spontaneous, and the time lapse between the events and the identification was not too excessive for this type of procedure.

■ We see no reason to discuss the action of the county attorney in showing Theresa pictures of the defendant prior to trial and then introducing them in evidence at the trial. The defendant did not object to the pictures when offered in evidence nor did he object to the foundational testimony.

Defendant next contends that the trial court allowed the prosecutor to impeach him by questions concerning prior bad acts not amounting to a felony.

On redirect examination of the defendant, his counsel elicited testimony that he always did what the police told him to do and never argued. Thereafter, on recross-examination, the county attorney went into the matter of defendant's cooperativeness with the police and asked him about two previous charges of resisting arrest. There were no objections from defense counsel who thereafter, on redirect, went into more of the details of the charges. It was ultimately brought out that the defendant had been jailed for these offenses which were not felony offenses. At this juncture and after the whole matter was fully revealed to the jury by both counsel, the defense counsel made his first rather belated objection.

■■ We indicated in State v. Johnson, 94 Ariz. 303, 383 P.2d 862 (1963), that it has long been settled in this state that a witness can not be impeached by showing specific acts of misconduct not amounting to conviction of a felony. Many courts do not adhere to this rule, however, and it is not so fundamental that it cannot be

waived by conduct of the defendant and his counsel. Here, there was no timely objection and defense counsel participated in the exposure of the full details to the jury. In this setting, we find no reversible error.

 The defendant next contends that it was error for the State to attempt to impeach the defendant on a distinctly collateral issue. The State called as a witness a woman who testified that the defendant, during the night preceding the offense, had knocked on her door and asked for a cup of coffee. The witness, although she knew him, was afraid, refused to let him in, and later reported the matter to the police. It is obvious from reading the transcript that the witness presented little the State had anticipated. Her testimony was equivocal and not prejudicial to the defendant. Unless one can characterize as a bad act knocking on the door of a person you know after dark, there is nothing demonstrated here which could be grounds for reversal.

 The defendant contends that the following statement in the Chief of Police's testimony constitutes reversible error:

"Well immediately I, you know, this is a small town, and we have people that do certain things, or act certain ways, and . . ."

RT p. 92.

The statement was never completed because defense counsel interposed an objection. We cannot follow the defendant's argument that this rather incoherent statement inferred that the defendant had a reputation for actions similar to those charged. In the context of the question asked prior to the statement, and the question repeated after the objection, we find no such inference and hence no error.

Affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.