520 P.2d 1136

**STATE of Arizona, Appellee,**

v.

**Leonard Ybarra MORALES, Appellant.**

**No. 2602.**

Supreme Court of Arizona,
In Division.

April 15, 1974.

Rehearing Denied May 21, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, Ed. Bolding, former Pima County Public Defender, by Richard Van Duizend, former Asst. Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Leonard Ybarra Morales, appeals from a judgment entered on the jury's verdict finding him guilty of first degree rape and from a sentence of five to eight years.

The state's case consisted of the testimony of two witnesses. The first witness for the state was the prosecutrix who testified concerning the details of the attack and positively identified the defendant as the attacker. The second witness of the state, the sister of the alleged victim, testified that she saw the defendant with the prosecutrix immediately after the time of the occurrence of the alleged rape.

The defendant took the stand in his own behalf and denied raping anyone.

The jury found the defendant guilty as charged.

## DID THE TRIAL COURT ERR IN ITS FAILURE TO DIRECT A VERDICT OF ACQUITTAL?

A verdict of acquittal in a criminal case may be directed by the court *sua sponte*, and must be directed on motion by the defendant, but only if "the Court is of the opinion that the evidence is insufficient to warrant a conviction." Rule 270, Rules of Criminal Procedure (1956), 17 A.R.S. The clear import of Rule 270 is that it is not error for the court to refuse to direct a verdict where there is substantial evidence that the defendant has committed the crimes with which he is charged. State v. Stevens, 107 Ariz. 565, 490 P.2d 571 (1971); State v. King, 66 Ariz. 42, 182 P. 2d 915 (1947); State v. Money, 110 Ariz. 18, 514 P.2d 1014 (1973); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), rehearing denied, 104 Ariz. 439, 454 P.2d 981 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1971).

An examination of the record reveals that the prosecutrix testified about the details of the attack and positively identified the defendant as the attacker. The sister of the prosecutrix testified seeing the prosecutrix with the defendant immediately after the time of the occurrence of the alleged rape. Substantial evidence exists to justify the trial court's refusal to direct the verdict.

A further examination of the record reveals that the testimony of the defendant and a witness for the prosecution are in direct conflict. It is well recognized that the jury is the sole judge on the issue of credibility involving conflicting testimony.

The denial of the directed verdict was not an abuse of discretion of the trial court.

## DID THE TRIAL COURT ERR IN ITS FAILURE TO GRANT A MOTION OF DEFENDANT FOR MISTRIAL BECAUSE OF PREJUDICIAL REMARKS BY THE PROSECUTOR?

In the case at bar, the prosecutor made the following remark:

"There's a great lesson—there's a great lesson for all womankind to be learned from the cross-examination of Letty Huerta as to the following argument of Mr. Johnson as to what happens to a rape victim with respect to the questions that she is likely to be asked. A lot of women have learned this lesson and that is why we don't get too many of them in court. Ladies of the world, if you are going to be raped, take notes because that is the only way that you are going to be able to withstand cross-examination. Which hand did he use to unzip his pants? How far down were your drawers?"

\* \* \*

"Those are the kind of questions that you are going to be asked, anyone in a rape case."

Prosecution, by this remark, was merely attempting to demonstrate the unfairness in requiring a raped woman to remember the minutiae of an event which by its nature is attended by fear of life or great bodily harm. The objective of the prosecution was to convince the jurors that the prosecutrix was relating the truth about

the occurrence even though she was unable to recall specific isolated details. The remark of the prosecution was proper and not prejudicial.

In the case of State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970), this court stated:

"Our law permits trial counsel wide latitude in presenting closing arguments to the jury. (citing cases) . . . . In the closing argument, excessive and emotional language is the bread and butter weapon of counsel's forensic arsenal, limited by the principle that attorneys are not permitted to introduce or comment upon evidence which has not previously been offered and placed before the jury." 466 P.2d at 390–391.

## WAS THE SENTENCE IMPOSED UPON THE DEFENDANT EXCESSIVE

Defendant argues that the trial court was in error by allowing the prosecutor at the sentencing hearing to comment upon the juvenile record of the defendant. The record indicates that the prosecution discussed the previous arrests and the prior delinquency adjudication of defendant on the issue of whether defendant was a good candidate for probation.

■ In State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966), this court stated that a juvenile record may be considered by the sentencing judge in imposing sentence, and this court quoted from Commonwealth ex rel. Czarnecki v. Stitzel, 179 Pa.Super. 80, 115 A.2d 805 (1955), as follows:

" . . . A sentencing judge, and others, dealing with the sentence, cannot with justice to the boy or the public ignore completely the boy's conduct during the time he was within the age of the juvenile court law." *Stitzel, supra,* 179 Pa.Super. at 82–83, 115 A.2d at 806.

■ Defendant next contends that the trial court was in error in admitting hearsay information concerning the alleged beating of the victim or her sister in a previous rape case in which defendant was acquitted.

The record reveals that the trial judge informed counsel for the appellant about this hearsay information. Even though given the opportunity, counsel for the appellant made no attempt to rebut or contradict the hearsay information.

Furthermore, appellant's counsel was furnished with the presentencing report submitted to the judge in conformity with State v. Pierce, 108 Ariz. 174, 494 P.2d 696 (1972).

■ Defendant's final assignment of error is that the trial court's sentence of not less than five nor more than eight years in the Arizona State Prison for the crime of first degree rape was excessive and constitutes an abuse of discretion.

The defendant was convicted of first degree rape. The record also indicates that the defendant had prior arrests and was adjudicated a juvenile delinquent.

The court has repeatedly held that the discretion of the trial judge in the matter of sentencing will not be disturbed except in the most unusual circumstances, provided the sentence is within the statutory limits for the offense charged. State v. Rogers, 109 Ariz. 55, 505 P.2d 226 (1973). Based upon the seriousness of the crime and the fact that the sentence was within the range of punishment permitted by the statute, no abuse of discretion by the court below has been shown.

Judgment affirmed.

STRUCKMEYER and HOLOHAN, JJ., concur.