532 P.2d 521

**STATE of Arizona, Appellee,**

v.

**Peter Escalante GASTELO, Appellant.**

No. 2923.

Supreme Court of Arizona,
In Banc.
March 6, 1975.

**460**

N. Warner Lee, Atty. Gen., by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Robert J. Hooker, Tucson, for appellant.

HOLOHAN, Justice.

Peter Escalante Gastelo appeals his conviction and sentence for robbery. He was placed on probation for five years, with one year to be served in the county jail.

As Julia E. Agner and Mary E. O'Flaherty were leaving a Tucson restaurant at about 1:30 a. m., a man grabbed Miss Agner's purse, knocked her to the ground and fled on foot. Mrs. O'Flaherty followed the assailant a short distance, flagged down a policeman, and joined him in the hunt for the assailant.

The location of the robbery and a description of the robbery suspect was broadcast over the police radio. The suspect was described as a Mexican or Indian male wearing red pants. Within approximately five minutes after the broadcast an officer dispatched into the vicinity spotted the appellant, who was of Mexican descent and wearing red pants, standing in the front yard of a house. The residence was about 150 yards from the robbery site, across a vacant field. As the officer approached in his marked car, the appellant walked toward the house and ducked behind a hedge. When the policeman called to him, he came out.

The officer reported by radio that he had found a possible suspect. The officer asked appellant if he lived at that location, and after receiving a negative reply, the officer asked the appellant to come over to the police car and produce identification. The witness, Mary O'Flaherty, and the other officer arrived within moments after the first officer had come in contact with appellant. Mrs. O'Flaherty made a positive identification of Gastelo as the robber.

By this appeal the appellant challenges his initial detention by the police officer as an illegal arrest, and he maintains that the one-man showup procedure should have

been suppressed as prejudicial and the product of an illegal arrest.

The distinction between an arrest and an investigatory stop is often difficult to make. Arrest requires the showing of probable cause, but circumstances short of probable cause may still justify an investigatory stop. State v. Gunter, 100 Ariz. 356, 414 P.2d 734 (1966). The lawfulness of a detention, short of arrest, is tested by whether under the circumstances it was reasonable. Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966); United States v. Madril, 445 F.2d 827 (9th Cir. 1971), judgment vacated on other grounds, 404 U.S. 1010, 92 S.Ct. 692, 30 L.Ed.2d 657.

In Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) it was recognized that a police officer may "in appropriate circumstances and in an appropriate manner" approach a person for purposes of investigating suspected criminal behavior even though there is no probable cause to make an arrest. Subsequent to *Terry*, the United States Supreme Court stated in Adams v. Williams, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972):

"A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."

The proximity of the robbery site, the short interval between the crime and meeting the suspect, the suspect's description matching that of the police bulletin, and the furtive movements and attempt to avoid the officer were facts and circumstances sufficient in themselves to lead a reasonable person to conclude that criminal activity may be afoot. The foregoing circumstances may be sufficient in and of themselves to constitute probable cause for arrest, but we do not find it necessary, in view of our holding, to make that determination.

The detention was brief, based on sound judgment, and appropriate under the

circumstances. The prompt arrival of one of the witnesses to the robbery, and her identification of the suspect as the assailant furnished a complete basis for establishing probable cause for the arrest of appellant.

The procedure for Mrs. O'Flaherty's identification of the defendant, in effect a "one-man showup," has been permitted by this Court as to identification near the time of the criminal act or at the scene of a crime. State v. Nunez, 108 Ariz. 71, 492 P.2d 1178 (1972); State v. Daniels, 106 Ariz. 224, 474 P.2d 815 (1970).

Such speedy identification helps insure accuracy while the picture of the culprit is fresh in a witness' mind. Furthermore, such procedure

" . . . may lead to the immediate release of an innocent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh." Bates v. United States, 405 F.2d 1104, 1106 (D.C.Cir. 1968); cited with approval in State v. Daniels, *supra*.

Nothing in the circumstances presented in the record show any unnecessarily suggestive influence on the identification.

The trial judge did preclude the victim, Miss Agner, from making an in-court identification of Gastelo, but she was allowed to testify concerning the circumstances of the crime itself. In closing argument, the prosecutor claimed to have "two" eyewitness identifications of Gastelo. Defense counsel's objection was overruled and the trial judge cautioned the jury:

" . . . The lawyers are at this time arguing to you inferences which they believe you can reasonably draw from the testimony that was placed on the stand. Your [*sic*] entitled to draw whatever inferences you think is proper if you don't agree with the inferences. The lawyers present to you what they believe the evidence to be, but you're not required to draw on that, or on those alone."

Miss Agner had testified that the individual brought back to the scene of the crime was the robber. Due to other circumstances she was not permitted to make an in-court identification of appellant Gastelo. The state in effect argued that two eyewitnesses identified the robber, but Mrs. O'Flaherty was the one who made the court identification of the appellant as the robber. The argument was permissible under our rule permitting counsel wide latitude in drawing reasonable inferences from the evidence. State v. Morales, 110 Ariz. 512, 520 P.2d 1136 (1974); State v. Jaramillo, 110 Ariz. 481, 520 P.2d 1105 (1974).

There is no need to discuss Appellant's final contention relative to his allegedly being improperly held in custody because of a delay in filing the record on appeal. Appellant Gastelo completed his county jail time and was released. He is presently serving out his five-year probation period. His arguments are moot. We are not obliged to consider moot questions or abstract propositions. Del Rio Land, Inc. v. Haumont, 110 Ariz. 7, 514 P.2d 1003 (1973); Mesa Mail Publishing Co. v. Board of Supervisors, 26 Ariz. 521, 227 Pac. 572 (1924).

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.