542 P.2d 35

**STATE of Arizona, Appellee,**

v.

**Leonard BELLAMY, Appellant.**

**No. I CA–CR II7I.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 18, 1975.

**198**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Grove M. Callison, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

## OPINION

HAIRE, Chief Judge, Division 1.

On this appeal the defendant questions the sufficiency of the evidence to sustain his conviction for aggravated battery arising out of an altercation at South Mountain High School. The evidence shows that on October 3, 1974, a scuffle occurred in the Administration Building at South Mountain High School between a student and a security officer as the security officer was taking the student to the principal's office for violation of a school regulation. During the scuffle, students surrounded the pair and the resulting commotion caused the principal to come from his office. The principal testified that as he approached the area, he saw the defendant Leonard Bellamy come from the crowd of students and impose what he, the principal, described as a deliberate kick upon the thigh of the security officer. He stated that the defendant then returned to the crowd and, after school officials began breaking up the scuffle, then began shouting words to the effect "Let's break up the fighting."

The defendant was charged with aggravated battery and, after a trial to a jury, was convicted of the charge. On March 3, 1975, the imposition of sentence was suspended for a period of five years and the defendant was placed on probation under certain terms and conditions, including a requirement that he spend six months in the Maricopa County Jail.

On appeal defendant argues that there was insufficient evidence of any criminal intent on his part. His contention is that although he may have kicked the security officer, it was not purposefully done, but rather occurred accidentally in his attempt to break up the fight.

Reviewing the evidence in a light most favorable to upholding the verdict, *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965), we find sufficient evidence to support the jury's verdict. Where the question of intent is involved, the jury must often turn to circumstantial evidence in order to decide whether the defendant acted with the requisite criminal intent. *State v. Harvill*, 106 Ariz. 386, 476 P.2d 841 (1970). This is especially true in cases such as the one at bar wherein the defendant denies criminal intent and this testimony is in conflict with the conclusions of other witnesses. In such cases, it is the province of the jury to consider and decide issues of credibility. *State v. Morales*, 110 Ariz. 512, 520 P.2d 1136 (1974). Here, there was testimony that the defendant was a friend of the student who was scuffling with the security guard and was in fact at the time the scuffling took place in the company of the student's brother. In addition, there was evidence that approximately 30 minutes prior to the scuffle, there was a verbal altercation between the defendant and the security officer. Under these circumstances, we believe that there was sufficient evidence to support the jury's verdict, which necessarily included a determination that defendant had the required criminal intent when he kicked the security officer.

The judgment and sentence are affirmed.

JACOBSON, P. J., Department B, and EUBANK, J., concur.