**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Freddie McKinley SMITH, Defendant-
Appellant.**

**No. 26637.**

United States Court of Appeals,
Ninth Circuit.

April 28, 1971.

Jo Ann Diamos, Tucson, Ariz., for defendant-appellant.

James M. Wilkes, Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.

PER CURIAM:

Smith was convicted of violating 18 U.S.C. § 2312. He urges reversal on two grounds.

 Smith first argues that certain statements which he made to a highway patrol officer should have been excluded because he was not given *Miranda* warnings prior to his interrogation. The officer stopped the car in which Smith was a passenger for a traffic violation. The officer first questioned the driver, then checked his story with Smith. We stated in Lowe v. United States, 407 F.2d 1391, 1394 (9th Cir. 1969):

"The questioning of a driver of a stopped car on an open highway by one policeman, without more, cannot be characterized as a 'police dominated'

situation or as 'incommunicado' in nature. * * * When a law enforcement officer stops a car and asks the driver for identification, a vehicle registration slip, and upon receiving unsatisfactory answers further asks the driver's destination and business, no 'in-custody' interrogation, as discussed in *Miranda*, takes place."

The rule applies equally to questioning of a passenger of the nature and scope involved here.

The unexpressed intent of the officer to detain Smith had he attempted to leave does not create a custodial interrogation. *Lowe, supra*, 407 F.2d at 1397.

■ Smith next argues that reversal is required because the prosecution commented during closing argument on Smith's failure to testify. Taken in context and fairly construed, the comments refer to a statement made by Smith to an FBI agent which was properly in evidence. But at most they are ambiguous, and, considering the record as a whole, any error remaining after the trial court properly instructed the jury that no inference could be drawn from the defendant's failure to take the stand was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Cf.* United States v. Altavilla, 419 F.2d 815 (9th Cir. 1969); United States v. Nasta, 398 F.2d 283 (2d Cir. 1966).

■ Smith also argues that the prosecutor improperly expressed his personal belief in Smith's guilt. We think the comment is more reasonably construed as a summation of the extensive discussion of the evidence which immediately preceded it. Orebo v. United States, 293 F.2d 747 (9th Cir. 1961). *See also* United States v. Meisch, 370 F.2d 768 (3d Cir. 1966); United States v. Schartner, 426 F.2d 470 (3d Cir. 1970). Again, in light of the instructions of the court concerning the limited role of argument by counsel, any possible error was harmless beyond a reasonable doubt. *See Chapman, supra.*

Affirmed.