UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles A. HUNTER, Defendant-Appellant.

No. 72-2427.

United States Court of Appeals,
Ninth Circuit.

Dec. 26, 1972.

Martin Levine (argued), John K. Van de Kamp, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Barbara Meiers, Asst. U. S. Atty. (argued), Eric A. Nobles, Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

This appeal is from conviction of mail theft. The question presented is whether the mail, which was the subject of the theft, should have been suppressed as the product of an unlawful search and seizure.

Appellant was a passenger in a car, stopped for making an illegal change of lane. Under these circumstances an investigative stop was perfectly proper. *See* United States v. Smith, 441 F.2d 539 (9th Cir. 1971).

Appellant and the driver were told to get out of the car and were then subjected to a pat-down search. Appellant makes much of the contended illegality of this procedure, but it produced nothing.

When the driver claimed ownership of the car and a check of the vehicle registration disclosed that he was not, an officer asked appellant to identify himself and to confirm the identity of the driver. This was wholly reasonable. United States v. Smith, *supra.*

Appellant gave his name and address. When asked whether he had any identifying documents, appellant first stated that he had none. Upon urging to show anything with his name on it, he produced a letter (the mail in question)

which he stated was addressed to his wife. Appellant contends that this constituted an illegal search since he was not warned that he need not produce anything. He relies on Bustamonte v. Schneckloth, 448 F.2d 699 (9th Cir. 1971), cert. granted, 405 U.S. 953, 92 S.Ct. 1168, 31 L.Ed.2d 230 (1972), and Cipres v. United States, 343 F.2d 95 (9th Cir. 1965), cert. denied, 385 U.S. 826, 87 S.Ct. 58, 17 L.Ed.2d 62 (1966).

We cannot agree. Under the circumstances it was not unreasonable to seek to establish appellant's identity. When such is the case it is not unreasonable to ask for corroborating documents. Such a request is not a request for consent to a search. It does not seek an emptying of the pockets. Its purpose is not to ascertain proof of crime, but of identity—a fact the officers were justified in seeking to establish.

The officer's suspicions were aroused when, upon looking at the letter, he found the name and address to be different from those appellant had given for himself. With the apparent willing cooperation of the appellant, the officer set out to ascertain the truth. Appellant has complaints of the manner in which this subsequent investigation was carried out and questions are raised as to whether he was in custody and, if so, whether there was probable cause to arrest him. The investigation, however, produced no excludable evidence. It accomplished nothing except to increase the state of suspicion. It was an eventual (and inevitable) check with the addressee that disclosed that appellant's possession of the mail (a government check) was unauthorized.

Appellant complains that at the time of the seizure of the check (upon its first production to the officer) there was no justification for seizure. It may be that it was seized too soon, but appellant was not prejudiced merely because the police retained the check while determining whether or not it was stolen as opposed to returning it to appellant during the investigation.

Affirmed.