**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Harry Sherman LUCKETT, Defendant-Appellee.**

**No. 73–1632.**

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1973.

**90**

William D. Keller, U. S. Atty., Eric A. Nobles, Gregory C. Glynn, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellant.

John K. Van De Kamp, Federal Public Defender, Gail M. Title, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellee.

Before BROWNING and ELY, Circuit Judges, and ZIRPOLI, District Judge.*

## OPINION

PER CURIAM:

The government appeals from an order of the district court granting appellee's motion to suppress evidence. The district court relied upon several grounds in granting the motion. Because we agree that the police improperly held appellee until a warrant check could be run, we do not reach the other issues raised by the subsequent events.

At approximately 12:30 a. m., in the early morning of a Saturday, two city police officers saw appellee cross a street in Gardena, California, against the traffic light. The officers drove up to him and waved him to the car. He responded immediately and, after being questioned about the possible jaywalking violation, he readily admitted his error. At the request of one of the officers, he then produced five pieces of identification in the name of Peter Richard Schily. Although the identification produced did not include a driver's license, appellee explained that this was because he could not drive. The officer accepted the identification and executed a traffic citation. Throughout this time appellee had been cooperative and had done nothing to arouse particular suspicion. Nevertheless, rather than release appellee at this point, the officers continued to detain him in order to run a warrant check on the name he gave. This was done for the sole reason that he lacked a driver's license.[1] The warrant check produced the information that there was an outstanding traffic warrant against Peter Richard Schily, and, following a subsequent arrest and search, a package of counterfeit United States Postal Money Orders was found in appellee's pocket.

Once the police officers required appellee to come to the police car, he was "seized," and therefore, the Fourth Amendment required that the length and scope of the detention be " 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." .Terry v. Ohio, 392 U.S. 1,

---

* Honorable Alfonso J. Zirpoli, United States District Judge, Northern District of California, sitting by designation.

1. Appellant urges the court to reject this finding of the district court. It is not "clearly erroneous," however, and therefore, it must be upheld. See, e. g., United States v. Welp, 469 F.2d 688 (9th Cir. 1972).

16, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). This standard permits a police officer to detain an individual stopped for jaywalking only the time necessary to obtain satisfactory identification from the violator and to execute a traffic citation. *Cf.* United States v. Hunter, 471 F.2d 6, 7 (9th Cir. 1972). Here the police had completed both these functions, but they continued to detain appellee for the purpose of running a warrant check. Because they had no reasonable grounds to be suspicious that there might be a warrant outstanding against him, this continued detention was unreasonable, and its fruits, therefore, were properly suppressed by the district court.

Affirmed.