751 P.2d 591

**The STATE of Arizona, Appellee,**

v.

**Frank Rodriguez YBARRA, Appellant.**

**No. 2 CA–CR 87–0214.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 15, 1987.

Review Denied March 30, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee.

Dunscomb and Shepherd, P.C. by Robb P. Holmes, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was tried by a jury, convicted of possession of a narcotic drug in violation of A.R.S. § 13–3406(A)(1) and (B)(1), a class 4 felony, and sentenced to four years' intensive probation. Appellant contends that the trial court abused its discretion in denying his motion to suppress, and that he was entitled to a directed verdict on whether he possessed a usable quantity of cocaine. We disagree and affirm.

On November 17, 1986, around 3:30 p.m., Tucson Police Officer DeJohnghe stopped an automobile with expired license plates. Appellant was a passenger. The driver explained that the current sticker for the license plate was in another car that had been impounded by the police for a weap-

ons violation. The officer knew that vehicles were not usually impounded for weapons violations, but were for narcotics violations or fatal accidents. The officer observed needle marks on the driver's arm and noted that she appeared nervous. She admitted to being a heroin addict.

Officer DeJohnghe observed that appellant also appeared nervous and asked his name and age, and appellant responded. A records check revealed that appellant was wanted on two outstanding traffic warrants, and he was arrested. Incident to his arrest, DeJohnghe searched appellant and found a brown paper bag containing white powder in his pants pocket. Appellant waived his rights and admitted he had received this cocaine from a friend some days earlier. He also admitted ownership of marijuana later found under the passenger seat of the car.

 Appellant contends that the cocaine should have been suppressed because the officer exceeded the bounds of a valid investigatory stop in asking for his name and age and running a warrants check. Appellant has not challenged the validity of the stop of the vehicle with expired tags. The intrusion on the passenger's liberty is incidental to the authorized investigatory stop. *State v. Curiel*, 130 Ariz. 176, 634 P.2d 988 (App.1981). Warrants check during valid investigatory stops have been approved. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); *Petty v. State*, 696 S.W.2d 635 (Tex.Crim.App.1985). Officer DeJohnghe testified that appellant was free to leave at the time of the stop. As noted in *Petty v. State*, supra, computerized data storage renders the time for a records check negligible. So it was here. We find reasonable and no wrongdoing in the officer's questions to appellant as to his name and address and in the subsequent warrants check. The trial court did not abuse its discretion in denying the motion to suppress.

We find no merit to appellant's argument that he was entitled to a directed verdict on the issue of whether he possessed a usable amount of cocaine. The state's criminalist testified that the 164 milligrams of cocaine was a usable amount. This is sufficient. *State v. Quinones*, 105 Ariz. 380, 465 P.2d 360 (1970). The cocaine was not tested for purity, but such a test is not required to establish usability, unless the amount is so small as to be incapable of being put to any effective use. *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962). The expert testimony is to the contrary. The circumstantial evidence of usability, i.e., the folded paper containing cocaine in a nervous possessor's pants pocket, is sufficient, *State v. Junkin*, 123 Ariz. 288, 599 P.2d 244 (App.), cert. den. 444 U.S. 983, 100 S.Ct. 489, 62 L.Ed.2d 411 (1979).

Affirmed.

HOWARD, P.J., and LACAGNINA, C.J., concur.