[No. 34902-3-I.    Division One.    April 15, 1996.]

The State of Washington, *Respondent*, v. Travis Lee Rife, *Appellant.*

*Michael L. Mittlestat* of *Washington Appellate Project,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ethan S. Rogers, Jr., Deputy,* for respondent.

KENNEDY, A.C.J. — Travis Lee Rife appeals his conviction of one count of possession of heroin, contending that the trial court erred in denying his motion to suppress evidence obtained as a result of an unlawful seizure.[1] We hold that it is constitutionally reasonable for an officer to run a warrant check during the course of a routine traffic stop, as long as the period of the detention is not unduly long, and as long as the stop itself is not pretextual. Rife concedes that he was stopped for a valid reason. Finding that he was not detained for an unreasonable period of time, we affirm.

## Statement of Facts

On the evening of February 19, 1994, Officer Chittenden of the Seattle Police Department was on routine patrol

---

[1]Rife also contends that the trial court erred in failing to enter timely written findings and conclusions pursuant to CrR 3.6 and CrR 6.1. We treat this issue in the unpublished portion of the opinion.

when he noticed Rife crossing Aurora Avenue, outside of the crosswalk and against the red light. Chittenden stopped Rife to cite him for jaywalking. After informing Rife of the purpose of the stop, Chittenden obtained Rife's identification and ran a check for outstanding warrants. Chittenden testified that although it was not department policy to run such a check, he did so in accord with the procedure he was taught at the police academy.

Within five to ten minutes, Chittenden was informed that there were two outstanding warrants for Rife's arrest. The warrants were verified within another five to ten minutes. Chittenden testified that while he was running the warrant check, Rife was not free to leave. Upon verification of the warrants, Chittenden placed Rife under formal arrest. Chittenden did not issue Rife a citation for jaywalking.

At the station, Chittenden performed a search incident to arrest and discovered a bindle of heroin in Rife's pocket. Rife was charged with one count of possessing a controlled substance in violation of RCW 69.50.401(d). At a CrR 3.6 hearing on May 11, 1994, Rife moved to suppress the evidence obtained during the search incident to his arrest, arguing that it was obtained unlawfully pursuant to a pretextual stop. The trial court denied the motion, finding that the stop was not pretextual and thus the evidence was lawfully obtained. Rife subsequently agreed to a stipulated trial, after which the trial court found him guilty as charged.

## Discussion

On appeal, Rife has abandoned the argument that the heroin was obtained unlawfully pursuant to a pretextual stop. He now concedes that his detention was valid at its inception. Appellant's opening br. at 10; *see also* RCW 46.61.050, 46.63.020 (designating jaywalking as a traffic infraction); SMC 11.50.160. Rife argues on appeal that the trial court erred in denying his motion to suppress because

his detention while the officer ran the warrant check constituted an unlawful seizure under the Fourth Amendment to the United States Constitution and art. I, § 7 of the Washington Constitution. We reject Rife's argument, and hold that an officer may detain a person stopped for a routine traffic infraction for a reasonable period of time, in order to check for outstanding warrants, and upon receiving a positive response, for the additional time it takes to verify the warrants.

■ Both the Fourth Amendment to the United States Constitution and art. I, § 7 of the Washington Constitution prohibit unreasonable seizures. A seizure has occurred within the meaning of the constitution when " 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *State v. Nettles*, 70 Wn. App. 706, 710, 855 P.2d 699 (1993) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)), *review denied*, 123 Wn.2d 1010 (1994); *see also City of Seattle v. Yeager*, 67 Wn. App. 41, 47-48, 834 P.2d 73 (1992), *review denied*, 121 Wn.2d 1027 (1993). Because Rife was not free to leave while Officer Chittenden was running and verifying the warrant check, he was seized within the meaning of the constitution. The issue is thus whether Rife's seizure was constitutionally reasonable.

■■ In determining the reasonableness of governmental intrusions, courts consider the totality of the circumstances, balancing the character of the intrusion and its justification against the individual's right to personal autonomy. *United States v. Cortez*, 449 U.S. 411, 417, 101 S. Ct. 690, 66 L. Ed. 2d 621 (1981), *cert. denied*, 455 U.S. 923 (1982); *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *State v. McKinnon*, 88 Wn.2d 75, 78-79, 558 P.2d 781 (1977). Given the development of computerized data storage, the length of time required to run a warrant check is usually minimal. Thus, the impact of a warrant check on the scope of a detention is generally minimal. *Cf. State v. Williams*, 50 Wn. App. 696, 700, 750

P.2d 278 (1988) (noting that the warrant check during an investigatory stop took only two to three minutes); *see State v. Lopez*, 873 P.2d 1127, 1133 (Utah 1994) (citing *State v. Ybarra*, 156 Ariz. 275, 751 P.2d 591, 592 (1987) (noting that the impact of a warrant check on the scope of a detention is minimal because "computerized data storage renders the time for a records check negligible.")). Under ordinary circumstances, the additional intrusion is far outweighed by the State's interest in apprehending persons who have outstanding warrants for their arrest. *See Lopez*, 873 P.2d at 1133 (citing *Storm v. State*, 736 P.2d 1000, 1001-02 (Okla. Crim. App. 1987)); *Petty v. State*, 696 S.W.2d 635, 639 (Tex. Ct. App. 1985). Accordingly, we hold that it is constitutionally reasonable for an officer to run a warrant check during the course of a routine traffic stop, as long as the period of the detention is not unduly long, and as long as the stop itself is not pretextual.

Here, Chittenden stopped Rife for committing a traffic infraction in his presence and detained him for the period necessary to run a warrant check. Finding outstanding warrants within five to ten minutes, Chittenden was justified in detaining Rife the additional five to ten minutes necessary to verify the warrants. The detention was within the scope of the stop, and the duration was not unreasonable.

■ ■ Although Rife contends that the detention exceeded the permissible scope and duration of an investigative stop under *Terry*, the seizure in the present case did not constitute a *Terry* stop. The commission of a traffic infraction in an officer's presence justifies a stop outside the *Terry* analysis. We hold that an officer need not have a reasonable, articulable suspicion that a citizen stopped for a routine traffic infraction has outstanding warrants before running a warrant check.[2] Neither is the

---

[2]In *United States v. Luckett*, 484 F.2d 89 (9th Cir. 1973), police officers detained the defendant to run a warrant check after citing him for jaywalking. Relying on *Terry*, the Ninth Circuit held that because the officers had no reason-

running of a warrant check a search within the meaning of the Fourth Amendment or art. I, § 7, because a citizen has no reasonable expectation of privacy in his or her record of outstanding warrants. *Cf. State v. Goucher*, 124 Wn.2d 778, 782, 881 P.2d 210 (1994) (holding that a search occurs when the government intrudes upon a subjective and reasonable expectation of privacy). We reject any contention that an officer must release a citizen stopped for a traffic infraction before running a warrant check, thus giving the citizen who proves to have outstanding warrants a head start, as it were. Public interest justifies the running of a warrant check during the stop, when the detention is short and the inquiry routine.

Because Chittenden's detention of Rife pending the results of the warrant check was a lawful exercise of his authority, the evidence obtained during the search incident to Rife's subsequent arrest was properly seized and admitted. We thus affirm the trial court's denial of Rife's motion to suppress.

A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports and that the remainder shall be filed of public record pursuant to RCW 2.06.040, it is so ordered.

Affirmed.

---

able grounds to suspect the existence of outstanding warrants against the defendant, his continued detention pending the results of the warrant check was unreasonable, and the fruits of the detention were properly suppressed by the district court. 484 F.2d at 90-91. We are not persuaded by *Luckett*, and note that the position expressed in that case is not universal, even within the Ninth Circuit. *See United States v. Madril*, 445 F.2d 827, 828 (9th Cir. 1971), *vacated on other grounds by*, 404 U.S. 1010 (1972) (holding that the detention of occupants of car stopped for speeding pending check for outstanding warrants was reasonable under Fourth Amendment). *See also Lopez*, 873 P.2d at 1133; *State v. Smith*, 73 Or. App. 287, 698 P.2d 973, 976 (1985); *People v. McGaughran*, 25 Cal. 3d 577, 601 P.2d 207, 211, 159 Cal. Rptr. 191 (1979); *State v. Perry*, 591 P.2d 379, 381 (Or. Ct. App. 1979); *State v. Carter*, 34 Or. App. 21, 578 P.2d 790, 796-97 (1978) (holding that a warrant check is a procedure that commonly accompanies traffic stops and does not exceed the lawful basis for the stop), *aff'd*, 600 P.2d 873 (Or. 1979).

264

COLEMAN and ELLINGTON, JJ., concur.

Reconsideration denied May 21, 1996.

Review granted at 130 Wn.2d 1007 (1996).