UNITED STATES of America, Plaintiff—Appellee,

v.

James R. RUNYAN, Defendant—Appellant.

No. 02–30356.

D.C. No. CR–02–05121–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Sept. 15, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

**628**

David J. Taylor, Capt., Office of the Staff Judge Advocate, Fort Lewis Magistrate Court Prosecutor, Fort Lewis, WA, Helen J. Brunner, Seattle, WA, for Plaintiff–Appellee.

Jerome Kuh, Federal Public Defender, Western District o of Washington, Seattle, WA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under *Terry*, a stop that is justified at its inception must also be reasonably related in scope to the purpose of the stop. *Id.* at 20.

2. Mere unauthorized presence on a military base is a crime in and of itself. *See* 18 U.S.C. § 1382; C.F.R. § 552.87(c)(1), (g).

3. Runyan cites *United States v. Luckett*, 484 F.2d 89, 90–91 (9th Cir.1973) (per curiam),

---

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

### MEMORANDUM**

Defendant–Appellant James Runyan ("Runyan") stopped his pick-up truck on a military base. A police officer approached him, suspecting he might be about to engage in illegal dumping. Runyan does not deny that this initial investigative stop was justified. He does argue under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), however, that a subsequent license check was improper because the initial reasonable suspicion of dumping should have been dispelled by Runyan's explanation.[1]

Runyan's explanation, however, did not fully explain the presence of debris in his truck, nor did it dispel the suspicion that Runyan was trespassing on a military base.[2] Runyan's further argument that license checks may only be conducted after stops for traffic violations similarly fails for lack of support in the case law.[3]

Runyan also claims that the search of his person was unlawful because there was no custodial arrest.[4] Whether a detention is a custodial arrest depends on the totality of the circumstances. *United States v. Del Vizo*, 918 F.2d 821, 824 (9th Cir.1990); *see also Allen v. City of Los Angeles*, 66 F.3d 1052, 1056–57 (9th Cir.

which held that a license check was improper where an officer stopped an individual for jaywalking. However, there is nothing in the language of *Luckett* to indicate that its holding was based on the fact that jaywalking is a "non-driving offense."

4. An officer making a lawful custodial arrest may search an arrestee without a warrant, even if the arrest is for a minor offense. *United States v. Robinson*, 414 U.S. 218, 224, 234–35, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

1995). Runyan was told he was "under apprehension," was handcuffed, read his rights, and transported in the police car. Thus, the totality of circumstances indicate that Runyan was not free to leave and was under arrest. Hence the search incident to arrest was valid.

AFFIRMED.