**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose MARTINEZ, Defendant–Appellant.**

No. 05–30137.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.*

Nov. 1, 2006.

Paulette L. Stewart, Esq., Ushe—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Fdmt—Federal Defenders of Montana (Missoula), Missoula, MT, for Defendant–Appellant.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant Jose Martinez appeals the district court's order denying his motion to suppress evidence obtained as a result of his encounter with Montana Highway Patrol Officer Jeremy Lee. The district court determined that the encounter was consensual and did not implicate the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's underlying factual findings for clear error. *United States v. Lopez–Soto,* 205 F.3d 1101, 1103 (9th Cir.2000). We review de novo its decision whether a stop or seizure occurred on those facts. *United States v. Enslin,* 327 F.3d 788, 792–93 (9th Cir.2003). We have jurisdiction, and we reverse.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

For purposes of the Fourth Amendment, a stop or seizure occurs when a law enforcement officer, by means of physical force or a show of authority, restrains a citizen's freedom of movement. *United States v. Chan–Jimenez*, 125 F.3d 1324, 1326 (9th Cir.1997). Freedom of movement is restrained if, taking into account all of the circumstances surrounding the encounter, a reasonable innocent person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 553–54, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The subjective intent of the officer is irrelevant except insofar as it may have been conveyed to the citizen. *Id.* at 554, 100 S.Ct. 1870 n. 6.

In his initial encounter with Martinez, Officer Lee drove up behind Martinez's vehicle, which was parked on the side of the highway. Martinez was walking away from the vehicles. Lee honked his horn, activated his vehicle's overhead lights, and directed Martinez to return to the police vehicle. *See Chan–Jimenez*, 125 F.3d at 1326 (finding relevant that officer activated his vehicle's emergency lights in holding that encounter constituted a seizure); *United States v. Luckett*, 484 F.2d 89, 90–91 (9th Cir.1973) (holding that citizen was seized when officers waved him to their car). Martinez returned to Officer Lee, who was in uniform and a marked patrol car. *See United States v. Faulkner*, 450 F.3d 466, 469–70 (9th Cir.2006) (noting that officer was in uniform and standing next to an official government vehicle in determining that citizen was seized).

■ We need not decide, however, whether these facts alone implicate the Fourth Amendment. Under the totality of the circumstances, an encounter that is voluntary at the outset may rise to the level of an investigatory stop or seizure as events unfold. *See Mendenhall*, 446 U.S. at 557, 100 S.Ct. 1870 (noting that subsequent conduct may have violated Fourth Amendment even though initial encounter was voluntary). Here, Lee asked Martinez a second time to provide identification, which he then retained and used to conduct a warrant check. *See Chan–Jimenez*, 125 F.3d at 1326 (holding that a seizure occurs when an officer retains a citizen's driver's license or registration "longer than necessary to ascertain that everything is in order, and initiates further inquiry while holding on to the needed papers"). Lee also conducted a pat-down of Martinez and directed him into the back of the squad car. *See Terry v. Ohio*, 392 U.S. 1, 16–19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ("[T]here can be no question, then, that [the officer] 'seized' petitioner and subjected him to a 'search' when he took hold of him and patted down the outer surfaces of his clothing."). In light of these subsequent events, a reasonable innocent person would not have felt free to leave, and Martinez was seized for Fourth Amendment purposes. *See, e.g., Chan–Jimenez*, 125 F.3d at 1326 (finding that a seizure occurred under similar circumstances).

■ An investigatory stop or seizure, however brief, violates the Fourth Amendment unless the officer has reasonable suspicion of criminal activity. *See Mendenhall*, 446 U.S. at 551–52, 100 S.Ct. 1870. Lee testified at the suppression hearing that he had no suspicion that Martinez had engaged or was about to engage in any criminal activity. *See Chan–Jimenez*, 125 F.3d at 1326 n. 2 (finding that seizure violated the Fourth Amendment because parties stipulated that reasonable suspicion did not exist). Because reasonable suspicion did not exist, Lee violated Martinez's Fourth Amendment rights when he stopped and seized Martinez. Accordingly, the district court erred in denying Martinez's motion to suppress.

REVERSED and REMANDED for further proceedings consistent with this memorandum.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.