Antonio FLORES;  et al., Plaintiffs—
Appellees,

v.

JC PENNEY CORPORATION, a Dela-
ware corporation;  et al., Defendant–
cross–defendant–cross–claimants,

and

Steven Shephard;  et al., Defendant–
cross–defendant–cross–claimants—
Appellants.

No. 06–55570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 28, 2007.

Teresa Trucchi, Esq., Suppa Trucchi &
Henein LLP, San Diego, CA, for Plain-
tiffs–Appellees.

Kimberly S. Oberrecht, Esq., Horton &
Ryan, San Diego, CA, for Defendant–
Cross–Defendant–Cross–Claimants.

John W. Wood, Esq., Wood & Wood, La Jolla, CA, for Defendant–Cross–Defendant–Cross–Claimants–Appellants.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

National City, California police officer Steve Mike Shephard [1] seeks, by interlocutory appeal, reversal of the district court's denial of Shephard's motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action filed by Antonio Flores, Juana Flores, and their children (the Flores family) alleging that they were wrongfully detained in a J.C. Penney store. We affirm.

■ Although a party may generally appeal from a district court's determination regarding qualified immunity, the United States Supreme Court has held that "a defendant, entitled to invoke a qualified immunity defense[ ] may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones,* 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Shephard, however, does not contest the sufficiency of the evidence or base his appeal on disputed issues of fact. Rather, Shephard recognizes the appropriate summary judgment standard and contends that, even after resolving the issues of fact in the Flores family's favor, the Flores family has not demonstrated that Shephard violated their clearly established constitutional

rights. Accordingly, we have jurisdiction over Shephard's appeal. *See Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1060 (9th Cir.2006).

We review *de novo* an interlocutory appeal from a district court's denial of summary judgment based on qualified immunity. *Id.* at 1059. Assuming that the Flores family's version of the facts is correct, as does Shephard, we must determine whether Shephard is entitled to qualified immunity as a matter of law. *See Bingham v. City of Manhattan Beach,* 341 F.3d 939, 942 (9th Cir.2003). To determine whether Shephard is entitled to qualified immunity, we follow the two-prong analysis set out in *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, we must determine "whether—resolving all disputes of fact and credibility in favor of the [Flores family]—the facts adduced at summary judgment show that [Shephard's] conduct violated a constitutional right." *Kennedy,* 439 F.3d at 1060 (citing *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151). If we determine that Shephard's conduct violated a constitutional right, we must next determine "whether, at the time of the violation, the constitutional right was clearly established." *Id.* (internal quotation marks omitted).

■ Turning to the merits, and assuming that the Flores family's version of the facts is correct, Shephard's detention of the Flores family beyond the initial stop of Antonio Flores and his cousin, Alejandro Galeana, violated the Flores family's Fourth Amendment rights. *See id.* After Antonio Flores and Galeana provided Shephard with identification, showed him a receipt for the merchandise in their possession, and explained why they were in the store for a second time that day, She-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Officer Shephard is wrongly identified by appellees as Steven Shephard.

phard had no "particularized and objective basis" to suspect that Antonio Flores was involved in any legal wrongdoing. *See United States v. Arvizu,* 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citing *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). At that point, Shephard's only basis for detaining Antonio Flores was the impermissible ground that he was Hispanic and shopping with a group, as were persons involved in the "grab and run" incident at J.C. Penney earlier that day. *United States v. Rodriguez,* 976 F.2d 592, 595–96 (9th Cir.1992) (noting that to establish reasonable suspicion, an officer cannot rely solely on generalizations that, if accepted, would cast suspicion on large segments of the law abiding population). Shephard thus violated the Flores family's Fourth Amendment rights by expanding the scope of his detention beyond the circumstances that justified the initial stop, without reasonable suspicion, to include Antonio Flores's wife, aunt, and children and forcing the family to wait for Border Patrol to arrive. *United States v. Luckett,* 484 F.2d 89, 90–91 (9th Cir.1973) (quoting *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)) (noting that the Fourth Amendment requires the length and scope of such a stop be "strictly tied to and justified by the circumstances which rendered its initiation permissible").

■ Additionally, a reasonable officer would have recognized that his or her conduct violated those rights under the circumstances faced, and in light of the law that existed at that time. *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151 (describing the second prong of the two-prong qualified immunity inquiry to determine whether the constitutional right was "clearly established"). At the time of incident, both Ninth Circuit and Supreme Court law were clear that a police officer could not prolong a valid *Terry* stop without additional reasonable suspicion to do so. *See*

*Luckett,* 484 F.2d at 90–91; *Terry,* 392 U.S. at 16, 88 S.Ct. 1868. Shephard's initial investigation indicated that Antonio Flores and Galeana were not involved in the thefts and did not reveal any particularized, objective factors suggesting that Flores's wife, aunt, or children may have been involved in the theft. Given these circumstances, Shephard should have known that he lacked reasonable suspicion to prolong the stop. Thus, Shephard is not entitled to qualified immunity as a matter of law. *See Saucier,* 533 U.S. at 201, 121 S.Ct. 2151.

The district court did not apply an incorrect evidentiary standard when ruling on Shephard's motion for summary judgment. On a motion for summary judgment, the district court is not allowed to assume the truth of the challenged allegations in the complaint. *Butler v. San Diego Dist. Attorney's Office,* 370 F.3d 956, 963 (9th Cir. 2004). Although the district court's order cited liberally to the Flores family's verified complaint, the record indicates that, unlike *Butler,* the district court did not merely assume the truth of all of the allegations in the verified complaint. Both parties submitted declarations, deposition testimony, and other admissible evidence in support of their respective positions on the summary judgment motion. Every material fact in the district court's order was either based upon Antonio Flores's personal knowledge as shown in his deposition testimony or is supported by the undisputed evidence submitted by the parties.

■ The Flores family is not entitled to sanctions. We have discretion under 28 U.S.C. § 1912 and Federal Rule of Appellate Procedure 38 to award sanctions to an appellee where the appellee raises frivolous and baseless arguments. "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without

merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir.1990) (per curiam). Although we affirm the district court's denial of Shephard's motion for summary judgment, his appeal advanced legitimate arguments supported by both law and facts and does not meet the very high standard necessary to grant sanctions.

**AFFIRMED.**