MEMORANDUM *
Myron Motley appeals his convictions, following a conditional guilty plea, for possession with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(l)(A)(iii), and (b)(1)(C). Motley contends that the district court erred by denying his motion to suppress evidence seized during a pretextual traffic stop of his vehicle. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
Motley argues that the district court committed legal error by concluding that Trooper Manion had independent probable cause[1] to stop Motley’s vehicle, the stop was also justified by Detective Ames’ reasonable suspicion imputed to Manion through the collective knowledge doctrine, and the stop was not unlawfully prolonged while Manion awaited the arrival of a narcotics-detection dog. We review these conclusions of law de novo and underlying factual findings for clear error. United States v. Turvin, 517 F.3d 1097, 1099 (9th Cir.2008).
We need not resolve the question whether Manion had independent probable cause or reasonable suspicion for the stop because even if he did, the length of Motley’s detention exceeded the period of time reasonably necessary to cany out the purposes of the traffic stop. See Illinois v. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) (“A seizure that is justified solely by the interest in issuing a [traffic] ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.”). The district court found that Motley was detained for roughly fifty minutes, at least fifteen to twenty of which were related to the traffic stop, and the remainder of which were spent awaiting the arrival of the narcotics-deteetion dog. In the absence of reasonable suspicion of illegal drug activity, the thirty-minute delay between the time Manion completed his independent investigation and the time the drug dog arrived runs afoul of the Fourth Amendment. See United States v. Luckett, 484 F.2d 89, 91 (9th Cir.1973); see also United States v. Dortch, 199 F.3d 193, 198-200 (5th Cir.1999) (holding that defendant was unlawfully detained when the drug dog arrived “moments” after officers had effectuated the purposes of their initial traffic stop and officers had not obtained facts creating reasonable suspicion that defendant was trafficking drugs).
Because Manion’s traffic stop revealed no independent evidence of illicit narcotics activity, the outcome of this case turns on whether the district court properly concluded that Ames had obtained information amounting to reasonable suspicion that could be imputed to Manion through the collective knowledge doctrine. As a threshold matter, Motley contends that the *447 collective knowledge doctrine does not apply because Ames informed Manion that he lacked probable cause and that Manion should develop independent probable cause for the stop. We reject this argument for the simple reason that the district court imputed reasonable suspicion, not probable cause. Reasonable suspicion is a less exacting standard than probable cause, United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), so even if Ames expressly disclaimed having probable cause, that disclaimer does not necessarily encompass the lower standard of reasonable suspicion. To the extent that Ames had reasonable suspicion that Motley was involved in illegal drug activity, his request that Manion stop Motley is a sufficient communication to impute Ames’ knowledge to Manion under the collective knowledge doctrine. See United States v. Ramirez, 473 F.3d 1026, 1036 & n. 7 (9th Cir.2007).
Motley next argues that the district court erroneously concluded that Ames had reasonable suspicion because it did not apply the legal framework for assessing the reliability of confidential informants. We agree. Ames’ investigation of Motley was prompted by information he received from an unnamed relative of a confidential informant. When evaluating whether such information is sufficient to support a finding of reasonable suspicion, a court “must employ a ‘totality-of-the-circumstances approach’ that takes into consideration the informant’s ‘veracity or ‘reliability’ and his ‘basis of knowledge.’ ” United States v. Rowland, 464 F.3d 899, 907 (9th Cir.2006) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). By omitting any discussion of the reliability of the unnamed relative, the district court artificially enhanced the weight of the information that the tipster provided.
Reliability is measured by factors such as whether the informant (1) is known or anonymous, (2) has previously proven himself reliable, (3) reveals the basis of his knowledge, and (4) “provides detailed predictive information about future events that is corroborated by police observation.” Rowland, 464 F.3d at 907-08. Considering, all of these factors under the totality of the circumstances, we conclude that the unnamed relative’s tip deserves little weight. Ames testified that he spoke with the tipster and knew the tipster was a relative of a confidential informant, but there is no indication in the record that Ames actually met, could identify, or knew how or where to find the tipster. Moreover, the record does not demonstrate that Ames previously used the tipster as an informant or that the tipster explained how he or she[2] obtained knowledge of Motley’s involvement in drug trafficking.
With respect to the fourth factor, “[p]re-dictive information that reveals a detailed knowledge of an individual’s intimate affairs is more reliable than predictive information that could be observed by the general public, and such self-verifying detail is considerably more valuable if it relates to suspicious activities than if it relates to innocent activities.” Id. at 908 (citations omitted). Even though the tipster’s information accurately led Ames to Motley, the bulk of the tipster’s information was too general, benign, and disconnected from Motley’s future behavior to reflect positively on the tipster’s credibility. See Florida v. J.L., 529 U.S. 266, 271-272, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (distinguishing tips that accurately identify a certain person from those that substantiate concealed, illegal activity). Motley was a fixture at Harrah’s for several years prior to his arrest, so the color of his car and his *448 general residential patterns at Harrah’s are not the type of details that corroborate insider knowledge of criminal activity. While this type of generic information can help establish a tipster’s reliability if spun in a predictive web, see Alabama v. White, 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (holding that a tipster’s accurate description of a suspect’s car was insufficient to establish the tipster’s reliability, but the tipster’s knowledge that the suspect would be entering the car in short order and driving to a specific destination sufficed), the tipster did not make such an offering here.
In fact, the only predictive information provided by the tipster that could have established his or her reliability was that Motley would take up to nineteen ounces of cocaine at a time, transform it into rock cocaine, and sell the crack to middlemen. However, the tipster did not identify any of Motley’s suppliers or middlemen, indicate where Motley rocked the cocaine or kept his drug packaging materials, explain when or how Motley used his car to transport drugs, or provide any details concerning Motley’s whereabouts during his absences from Harrah’s. At the time Manion stopped Motley, Ames had not uncovered evidence fleshing out any of these details. Ames had no evidence of how, when, where, or from whom Motley might obtain cocaine or that Motley possessed or had access to any of the material necessary to transform the cocaine into crack. The effect of this lack of corroboration of the tipster’s predictive information is that the tipster’s general information that Motley was a cocaine dealer should be given minimal weight.
Where, as here, “ ‘a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.’” Rowland, 464 F.3d at 907 (quoting White, 496 U.S. at 330, 110 S.Ct. 2412). Apart from the information provided by the tipster, Ames testified to having received information from Harrah’s, including information about an incident in which Motley called security to report the loss of the key to his room safe, but in which the safe was broken into before a maintenance worker arrived to open it; about an associate of Motley’s being arrested in Harrah’s for selling crack cocaine; about calls to and from Motley’s hotel room, the times and frequency of which the hotel staff found suspicious; about an increase, over several years, in the amount of money Motley gambled at Harrah’s; and about Motley’s failure to list a job or employer on the paperwork he filled out for Harrah’s. Ames did not testify as to having any information about the year in which the safe incident took place, or how much time elapsed between Motley’s call to report the missing key and the maintenance person arriving to open the safe; about the nature or extent of Motley’s association with the person arrested for dealing crack cocaine or the year in which the arrest took place; or about whether Motley’s increased transactions at Harrah’s were unattributable to his luck or skill at gambling. Although it is a close call, we conclude that the factors upon which the district court relied to support its finding of reasonable suspicion are insufficient to show that Ames had something more than an “inchoate and un-particularized suspicion” that Motley was dealing drugs. See Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The factors would have been sufficient to create reasonable suspicion if the tipster were reliable, but they amount to nothing more than a hunch of criminal activity when the tipster’s information is given its due degree of weight in the totality of the circumstances.
*449 Because Ames himself lacked reasonable suspicion, there is no reasonable suspicion to impute to Manion through the collective knowledge doctrine. Motley’s thirty-minute detention was therefore unlawful. Accordingly, we VACATE Motley’s convictions and REVERSE and REMAND for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although the district court found that Man-ion had probable cause to stop Motley for a traffic violation, only a finding of reasonable suspicion was required to hold the stop constitutional. See, e.g., United States v. Lopez-Soto, 205 F.3d 1101, 1104 (9th Cir.2000). Motley argues that Manion lacked both probable cause and reasonable suspicion.

. The record does not indicate whether the tipster was male or female.