NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RONALD VOYT ARMSTRONG, JR., *Appellant.*

No. 1 CA-CR 14-0120

FILED 5-12-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-111977-001
The Honorable Brian Kaiser, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        Ronald Voyt Armstrong, Jr., ("Defendant") appeals from his convictions and sentences for theft, possession or use of dangerous drugs, and theft of a credit card or obtaining a credit card by fraudulent means. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### Facts and Procedural History[2]

¶3        Sergeant Maiocco responded to a call in the 5200 block of West Indian School Road where he arrested Defendant. During a search incident to arrest, Maiocco found a substance that he believed to be drugs in Defendant's rear left pocket. Officer Rowan was called to the scene and,

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

based on his training and experience, concluded the substance was methamphetamine.

¶4　　　　Rowan transported Defendant to Maryvale Precinct. Rowan advised Defendant of his *Miranda* rights and interviewed Defendant. Defendant made statements to Rowan indicating he knew the substance was methamphetamine.

¶5　　　　Defendant was indicted for one count of theft, a class one misdemeanor; one count of possession or use of dangerous drugs, a class four felony; one count of possession of drug paraphernalia, a class six felony; and one count of theft of credit card or obtaining a credit card by fraudulent means, a class five felony. The trial court granted Defendant's motion to sever the drug charges from the theft charges, and the case proceeded to trial solely on the drug charges.

¶6　　　　During trial, Matthew Schubach, a forensic expert with the Phoenix Crime Lab, stated that he performed testing on the substance found in Defendant's possession, including confirmatory testing, and determined it was methamphetamine.

¶7　　　　The jury found Defendant guilty of one count of possession or use of dangerous drugs; and one count of possession of drug paraphernalia.[3]

¶8　　　　Following trial, Defendant pled guilty to the remaining charges of theft, a class one misdemeanor, and one count of theft of credit card or obtaining a credit card by fraudulent means, a class five felony, with two historical prior felony convictions. The trial court sentenced Defendant as follows: (1) eighty-six days jail with credit for eighty-six days' time served for the theft charge; (2) five years' imprisonment in the Arizona Department of Corrections with credit for eighty-six days' served for the theft of a credit card or obtaining a credit card by fraudulent means charge; and (3) nine years' imprisonment in the Arizona Department of Corrections with credit for eighty-six days' time served for the possession or use of

---

[3]　　　The State dismissed Defendant's charge for possession of drug paraphernalia prior to sentencing.

dangerous drugs conviction.[4] All sentences were ordered to run concurrent with each other.

**Discussion**

**¶9** Defendant filed a supplemental brief challenging the trial court and State's jurisdiction on the grounds the evidence does not show he possessed methamphetamine. We disagree. The substance taken from Defendant's possession was identified by a trained officer as methamphetamine and tested in a lab by a forensic expert where the substance was confirmed as methamphetamine.

**¶10** Defendant also asserts that the trial court erred by admitting Schubach's lab report into evidence, and then precluding defense counsel from cross examining Schubach about whether the methamphetamine was tested for its purity. "[W]e review the trial court's determination of the relevancy and admissibility of evidence for abuse of discretion." *State v. Rutledge*, 205 Ariz. 7, 10, ¶ 15 (2003). Defendant's argument is without merit.

**¶11** The methamphetamine was properly tested with a gas chromatograph/mass spectrometer and determined to be methamphetamine. Gas chromatograph/mass spectrometer results are widely admitted by courts. *State v. Lucero*, 207 Ariz. 301, 303, ¶ 10 (App. 2004). Moreover, discussion regarding testing of the methamphetamine's purity was not relevant because such a test is not required to establish usability, unless the amount is so small as to be incapable of being put to any effective use. *State v. Ybarra*, 156 Ariz. 275, 276 (App. 1987). Here, Schubach testified that the 370 milligrams of methamphetamine was a usable amount. We find no error.

**¶12** Defendant contends that his right to an unbiased and impartial jury trial was violated when the trial court failed to strike juror number two for cause. We disagree.

**¶13** Defendant has a right to unbiased, impartial jurors. *State v. Eddington*, 228 Ariz. 361, 363, ¶ 6 (2011). The trial court found juror number two was impartial and without bias. In any case, juror number two did not

---

[4] In his Opening Brief, defense counsel asserts that the trial court made two clerical errors in its sentencing minute entry. *See* Opening Brief, pgs. 10–11 n. 4. These errors are more properly addressed by the trial court upon the filing of a motion to correct clerical errors pursuant to Ariz. R. Crim. P. 24.4.

prejudice Defendant because he did not participate in deliberations. *See id.* at ¶¶ 4, 19 (affirming the court's finding that no prejudice occurred to Defendant because biased juror had not participated in deciding the case).

¶14 Defendant also alleges that the State committed prosecutorial misconduct when it failed to notify the court or defense counsel that Rowan knew juror number two, and when the State objected to Defendant's cross examination of Schubach regarding the testing of the methamphetamine's purity. "To prevail on a claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

¶15 No misconduct occurred here because the State was made aware of the casual connection between Rowan and juror number two at the same time as the court and defense counsel. It also was not a denial of due process for the State to object to questioning by Defense counsel regarding irrelevant evidence.

¶16 Defendant argues that the trial court erred by failing to consider and weigh all of the mitigating factors on the record. We disagree.

¶17 To impose an aggravated or mitigated sentence, the trial court must, at a minimum, articulate at sentencing the factors considered to be aggravating or mitigating and explain how these factors led to the sentence imposed. A.R.S. § 13-701(C); *State v. Harrison*, 195 Ariz. 1, 4, ¶ 12 (1999). Here, the trial court stated the circumstances it found to be mitigating and aggravating, and explained how these factors led to Defendant's slightly mitigated sentence. We find no error.

¶18 Finally, the Defendant contends that the trial court erred in consideration of Defendant's motion for acquittal under Arizona Rule of Criminal Procedure 20 when it shifted the burden to Defendant to prove the substance was not methamphetamine. This contention misstates the record. The trial court, when evaluating the merits of Defendant's Rule 20 motion, properly determined that, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found Defendant guilty beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (citation omitted). Maiocco testified that he located the methamphetamine in Defendant's rear left pocket. Rowan stated that Defendant acknowledged that the substance was probably

methamphetamine. And Schubach tested and confirmed the substance was methamphetamine.

¶19 We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶20 Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

## CONCLUSION

¶21 For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama